United States District Court
Middle District of Florida
Jacksonville Division

**JOHN HENRY ALLEN,**

    *Plaintiff,*

v.                                                               **NO. 3:17-CV-530-J-32PDB**

**ANDREW J. DECKER, III, ET AL.,**

    *Defendants.*

---

## Report & Recommendation

Without a lawyer and proceeding in forma pauperis under 28 U.S.C. § 1915, John Allen sues two state circuit judges (Andrew Decker and John Peach), two state prosecutors (Sheena Holland and Gary Brown), and a state public defender (Donald Rudser), under 42 U.S.C. § 1983 and the Americans With Disabilities Act, 42 U.S.C. §§ 12101–12213, based on alleged happenings in state criminal proceedings against him. Doc. 5. The Court previously gave him an opportunity to amend the complaint to correct deficiencies. Doc. 4. Concluding the amended complaint seeks monetary relief against defendants immune from such relief and fails to state claims on which relief may be granted, I recommend dismissal with prejudice.

**I.**    **Amended Complaint**

In the amended complaint and exhibits attached to it, Allen alleges these facts.

Allen is a black man. Doc. 5 at 3. On February 22, 2001, Judge Peach sentenced him to serve five years' imprisonment for possessing a firearm as a convicted felon, one year' imprisonment for unlawfully displaying a firearm, and, based on two misdemeanor convictions, five years' imprisonment for driving under the influence

("DUI"), with all of the terms to run concurrently.[1] Doc. 5 at 6–7, 12–13; Doc. 5-1 at 4. Brown had been the prosecutor, Rudser had been the assistant public defender (or court-appointed counsel), and the late Judge David Bembry had been one of the judges. Doc. 5 at 13.

Almost 15 years later, in December 2015, a fire destroyed Allen's residence and belongings. Doc. 5 at 3. In March 2016, he entered a plea agreement on criminal mischief charges, which resulted in the imposition of "two terms of misdemeanor probation." Doc. 5 at 3; Doc. 5-1 at 3.

In June 2016, Allen was involved in a one-car crash and arrested for his third incident of misdemeanor DUI. Doc. 5 at 4. The next day, County Judge Sonny Scaff released him on his own recognizance. Doc. 5 at 4.

In July 2016, Allen was arrested at his home and returned to jail. Doc. 5 at 4. The next week, Holland, a white prosecutor, changed the charge against him to indicate it was his fourth—not third—DUI. Doc. 5 at 4; Doc. 5-1 at 4–5. Allen sent Judges Decker and Scaff several requests for his release, and he would have been released had Holland not told Judge Decker he was a career habitual violent felony offender. Doc. 5 at 4; Docs. 5-2, 5-5, 5-8.

Allen was ordered to appear in court in August 2016 for a hearing on an alleged probation violation, but the captain of the Hamilton County Jail would not let him appear. Doc. 5 at 4; Doc. 5-3.

Later that month, Allen filed a habeas petition in state court. Doc. 5 at 5; Doc. 5-1. His defense counsel, David Valin, visited him in jail and told him Holland had intentionally changed the misdemeanor DUI charge to a felony so she "could state

---

[1] The state criminal case appears to have been the subject of an unsuccessful habeas petition Allen filed in this Court in December 2002. *See John Henry Allen v. Michael W. Moore & Robert A. Butterworth*, 3:02-cv-1111-UA.

2

that [he] was a violent career habitual felony offender." Doc. 5 at 5. Valin also told him Judge Decker would have released him if he had not been charged with having committed a felony DUI. Doc. 5 at 5.

Allen appeared for another hearing in August, during which the felony DUI charge was "dropped back to a misdemeanor." Doc. 5 at 5. A few days later, he filed a complaint against Holland and Valin with The Florida Bar. Doc. 5 at 5; Doc. 5-4. The complaint was returned because he had included more than one lawyer, and he did not refile it.[2] Doc. 5 at 5; Doc. 5-4. While incarcerated in the Hamilton County Jail, he filed several other habeas petitions. Doc. 5 at 6; Doc. 5-6.

In September 2016, Valin visited Allen again and provided him with copies of his two earlier DUI convictions. Doc. 5 at 6. Valin told him they were illegal and "he could easily have them removed from [Allen's] record." Doc. 5 at 6. Valin said "there was a lot of illegal activity going on in the Hamilton County court system" at the time of those convictions. Doc. 5 at 6. Valin gave him that information because of the bar complaint. Doc. 5 at 6.

Allen reviewed the DUI convictions and a 2009 civil lien and realized for the first time he had been sentenced to serve five years' imprisonment on the DUI convictions, running concurrently with the five years' imprisonment for possessing a firearm as a convicted felon and one year' imprisonment for unlawfully displaying the firearm. Doc. 5 at 6–7; Doc. 5-7. That had not been part of his plea agreement. Doc. 5 at 6. He believes that is why, when he filed federal habeas petitions in 2002, 2003, and 2004, the Hamilton County court indicated it possessed no record of any proceedings. Doc. 5 at 7. This information is "new evidence" to him. Doc. 5 at 14.

---

[2]In the complaint with The Florida Bar, Allen contended Holland "falsified" charges against him to "keep [him] locked up in jail in retaliation for" a civil rights complaint he had filed. Doc. 5-4 at 3. He referenced *John Henry Allen v. Mark Putnal & Wendy Vance*, No. 3:14-cv-782-J-32JRK, a case he brought in this Court alleging § 1983 and ADA violations based on a "Ticket to Work" program.

3

Later in September 2016, Allen appeared in court, the arson charge was dismissed "because of the Habeas Corpus Petition," and he was released from jail. Doc. 5 at 7. Now he is being prosecuted a second or third time for the latest DUI. Doc. 5 at 7. He "addressed the issue of the D.U.I. in county court," and Judge Scaff told him that was a matter between Allen and his counsel. Doc. 5 at 8. Allen argued he had been subjected to double jeopardy based on being charged for the same offense twice, but Judge Scaff told him he had not been to trial. Doc. 5 at 8. He is preparing to go to trial on the latest DUI charge. Doc. 5 at 9.

Had Allen not filed the habeas petition in August 2016, Holland and Judge Decker "would have prosecuted" him for felony DUI as a violent career felony offender. Doc. 5 at 8.

Under, "Statement of Claim," Allen asserts the defendants—in their individual and official capacities—violated § 1983 and the Fifth and Fourteenth Amendments by discriminating against him based on his race and depriving him of due process and equal protection. Doc. 5 at 11. As to Judge Peach, Judge Bembry, Brown, and Rudser, he asserts they "collaborated" and "knowingly conspired with a malicious intent" when he received the five-year prison term for the misdemeanor DUI convictions. Doc. 5 at 13, 15. He asserts they acted with deliberate indifference "to cause [him] to suffer and die with malicious intent," contending he was recovering from spinal fusion of the first and second vertebrae in his neck, they knew of his condition, and they "intentionally noted somewhere in [his] prison file that he was to receive no medical treatment," causing him to be classified as a "medical grade 1 inmate, with nothing physically wrong with him, despite [that he told] prison officials about his injury and surgery." Doc. 5 at 14. He asserts, "There is a casual [sic] connection to the 5 year sentence … and [him] being deprived of medical treatment, which led to [him] being permanently disabled." Doc. 5 at 14. He asserts they secretly tried to keep the information about the "illegal" sentence off the record. Doc. 5 at 14–15. He asserts

4

their actions caused him permanent disability, and he continues to experience "tremendous pain from his unhealed spinal fusion." Doc. 5 at 15.

As to Judge Decker and Holland, he asserts they violated Title II of the ADA by discriminating against him based on "disability and race." Doc. 5 at 11–12. He asserts Holland deliberately changed the latest DUI to a felony so she could claim he is a career habitual violent felony offender. Doc. 5 at 16. He contends Judge Decker knew of her conduct and went along with it, refusing to release him from jail even though he knew he should. Doc. 5 at 16. He contends their actions caused him to suffer "mental and physical pain" and the loss of several cats and dogs. Doc. 5 at 16.

Under "Relief Requested," Allen writes, "damages including court costs in the amount of 12 million dollars for the unlawful 5 year prison sentence and any and all relief" to which he may be entitled. Doc. 5 at 17.

## II. Law & Analysis

### A. *Standard*

Under 28 U.S.C. § 1915(e)(2)(B), a court must dismiss an action by a plaintiff proceeding in forma pauperis if at any time the court determines the action is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant immune from such relief.

To decide if a pro-se, in-forma-pauperis complaint fails to state a claim on which relief may be granted, a court must construe the complaint liberally and apply the Federal Rule of Civil Procedure 12(b)(6) standard. *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). To survive dismissal under that standard, the complaint must allege facts, accepted as true, that state a claim "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). That standard asks for less than a probability but "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice." *Id.*

## B. Section 1983

Section 1983 provides a federal cause of action against any person who, acting under the color of state law, deprives a person of a federal right. 42 U.S.C. § 1983. It "basically seeks to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide related relief." *Richardson v. McKnight*, 521 U.S. 399, 403 (1997) (internal quotation marks and emphasis omitted). But "immunity frees one who enjoys it from a lawsuit whether or not he acted wrongly." *Id.*

States and state officials sued in official capacities are not "persons" subject to § 1983 liability for damages. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Moreover, the State of Florida and its officials sued in their official capacities are absolutely immune from § 1983 liability for damages. *Gamble v. Fla. Dep't of Health & Rehab. Servs.*, 779 F.2d 1509, 1511–13 (11th Cir. 1986). Florida's judicial branch is a state agency. *Zabriskie v. Court Admin.*, 172 F. App'x 906, 908 (11th Cir. 2006). Florida's state attorneys and their offices are arms of the state. *Scheider v. Leeper*, No. 3:15-cv-364-J-34JRK, 2016 WL 916557, at *3 (M.D. Fla. Mar. 10, 2016) (unpublished) (citing cases).

Dismissal with prejudice of Allen's § 1983 claims against the judges (Judges Decker and Peach) and the prosecutors (Brown and Holland) for acts taken in their official capacities is warranted because they are deemed arms of the state for those acts (and therefore not "persons" subject to § 1983 liability for damages). They are also entitled to absolute immunity for those acts.

A state judge in his individual capacity is absolutely immune from § 1983 liability for damages for an act taken in his judicial role if he did not act in the clear absence of all jurisdiction. *Pierson v. Ray,* 386 U.S. 547, 553–55 (1967). "A judge will not be deprived of immunity because the action he took was in error, was done

6

maliciously, or was in excess of his authority." *Stump v. Sparkman*, 435 U.S. 349, 356−57 (1978).

Dismissal with prejudice of Allen's § 1983 claims against the judges (Judges Decker and Peach) for acts taken in their individual capacities is warranted because they are entitled to absolute immunity for those acts. His allegations against them concern only acts they took against him in their judicial roles (presiding over criminal cases against him).

A state prosecutor in his individual capacity is absolutely immune from § 1983 liability for damages for an act that is an integral part of the judicial process. *Imbler v. Pachtman*, 424 U.S. 409, 430–31 (1976). It "extends to a prosecutor's actions in initiating and pursuing a criminal prosecution and in presenting the state's case," even if the prosecutor, for example, filed an information without investigation, filed charges without jurisdiction, filed a baseless detainer, offered perjured testimony, suppressed exculpatory evidence, refused to investigate complaints about conditions of confinement, threatened more prosecutions, and tried to persuade the defendant to not sue officials in exchange for parole. *Henzel v. Gerstein*, 608 F.2d 654, 657 (5th Cir. 1979) (quoted authority and alterations omitted).

Dismissal with prejudice of Allen's § 1983 claims against the prosecutors (Brown and Holland) for acts taken in their individual capacities is warranted because they are entitled to absolute immunity for those acts. His allegations against them concern only acts they took against him in initiating and presenting the criminal cases against him.

A public defender does not act under color of state law within the meaning of § 1983 when he performs "a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cty. v. Dodson*, 454 U.S. 312, 324–25 (1981).

Dismissal with prejudice of Allen's § 1983 claims against the public defender (Rudser) is warranted because the alleged acts he took were as counsel for Allen and

not under color of state law within the meaning of § 1983.[3] Moreover, the allegations against him are conclusory, lumping him with all defendants alleged to have "conspired" against him to impose an illegal sentence.[4] *See generally* Doc. 5.

## C. ADA

Title II of the ADA provides: "[N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. To state a Title II claim, a plaintiff must allege facts indicating a plausibility that: (1) he is a qualified individual with a disability; (2) he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) the exclusion, denial of benefit, or discrimination was by reason of his disability. *Bircoll v. Miami-Dade Cty.*, 480 F.3d

---

[3]Section 1983 "can *sometimes*" impose liability on a private actor. *Richardson*, 521 U.S. at 403 (emphasis in original). A private actor may be liable under § 1983 if the alleged deprivation was caused by the exercise of a right or privilege created by the state or a state actor (like garnishment or replevin) and the private actor acted with or obtained significant help from the state actor or engaged in conduct "otherwise chargeable to the State." *Wyatt v. Cole*, 504 U.S. 158, 161–62 (1992). Allen's allegations against Rudser do not state a plausible claim against him under that limited circumstance.

[4]A constitutional claim under § 1983 is a tort claim subject to the statute of limitations governing a personal injury claim in the state where the § 1983 claim is brought, *Boyd v. Warden, Holman Corr. Facility*, 856 F.3d 853, 872 (11th Cir. 2017), which in Florida is four years, *Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003). Generally, the "discovery rule" applies, under which the period begins to run when "the facts which would support a cause of action are apparent **or should be apparent to a person with a reasonably prudent regard for his rights**." *Foudy v. Indian River Cty. Sheriff's Office*, 845 F.3d 1117, 1123 (11th Cir. 2017) (emphasis added). Allen's § 1983 claims against Judge Peach, Brown, and Rudser for actions they took in 2001 concerning the sentence or sentences for his prior DUI convictions most certainly would suffer from statute of limitations problems, though the Court need not decide that issue because dismissal with prejudice is warranted on independent grounds.

1072, 1083 (11th Cir. 2007). A "qualified individual with a disability" is "an individual with a disability who, with or without reasonable modifications to rules, policies, or practices, the removal of architectural, communication, or transportation barriers, or the provision of auxiliary aids and services, meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity." 42 U.S.C. § 12131(2).

Dismissal with prejudice of Allen's ADA claims against Judge Decker and Holland is warranted. He alleges only they discriminated him "based upon his disability and race and violated [his] ADA rights," *see* Doc. 5 at 11–12, without including any allegations to support that he was a qualified individual with a disability, that he was discriminated against, and that the discrimination was based on his disability.

## D.    *Amendment*

Under Federal Rule of Civil Procedure 15(a), a court should freely allow a plaintiff to amend his complaint if justice so requires. If a more carefully drafted complaint might state a claim, a litigant proceeding without a lawyer must be given at least one chance to amend the complaint before the court may dismiss it with prejudice. *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). But dismissal with prejudice is appropriate if granting leave to amend would be futile. *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007). Granting leave to amend would be futile if the complaint as amended would still be properly dismissed. *Id.*

The Court already gave Allen a chance to amend. Giving him another chance to amend is unwarranted. In response to the Court's order directing him to file an amended complaint, he filed a pleading that appears to be identical to the original. *Compare* Doc. 1 *with* Doc. 5. His § 1983 claims clearly fail based on immunity or otherwise, and despite having been given a chance to state an ADA claim, he still has not.

9

### III. Conclusion

I recommend **dismissing** the amended complaint with prejudice, Doc. 5, and directing the Clerk of Court to close the case.[5]

**Entered** in Jacksonville, Florida, on November 9, 2017.

_____
PATRICIA D. BARKSDALE
*United States Magistrate Judge*

c: John Henry Allen
Hamilton County Jail
3995 C.R. 51 North
Jasper, FL 32052

---

[5]"Within 14 days after being served with a copy of [a report and recommendation on a dispositive issue], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.