# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

JOHN HENRY ALLEN,

    Plaintiff,

v.                                                       Case No. 3:17-cv-530-J-32PDB

ANDREW J. DECKER, III,
SHEENA HOLLAND, JOHN
WESTON PEACH, GARY BROWN,
and DONALD K. RUDSER,

    Defendants.

_____

## **O R D E R**

This case is before the Court on Plaintiff's amended complaint (Doc. 5). Plaintiff is pro se and proceeding in forma pauperis. On November 9, 2017, the assigned United States Magistrate Judge issued a Report and Recommendation (Doc. 9) recommending that the amended complaint be dismissed with prejudice. On November 22, 2017 Plaintiff filed objections to the Report and Recommendation. (Doc. 10). Upon de novo review of the file and for the reasons stated in the Report and Recommendation (Doc. 9), it is hereby

**ORDERED:**

1. Plaintiff's objections (Doc. 10) to the Report and Recommendation are **OVERRULED**.

2. The Report and Recommendation of the Magistrate Judge (Doc. 9) is **ADOPTED** as the opinion of the Court.

3. Plaintiff's claims alleging violations of 42 U.S.C. § 1983 are **DISMISSED with prejudice**.

4. Plaintiff's claims alleging violations of Title II of the ADA are **DISMISSED with prejudice**.[1]

5. The Clerk shall close the file.

**DONE AND ORDERED** in Jacksonville, Florida this 13th day of December, 2017.

TIMOTHY J. CORRIGAN
United States District Judge

jb
Copies to:

Honorable Patricia D. Barksdale
United States Magistrate Judge

Counsel of record
Plaintiff

---

[1] The Court wants to make clear that Plaintiff's ADA claims are not only being dismissed because they fail to state a claim after already being granted leave to amend. They are also being dismissed because granting Plaintiff a third opportunity to state an ADA claim would be futile—as the claim would need to overcome absolute judicial immunity, prosecutorial immunity, the lack of individual capacity liability under Title II of the ADA, the Rooker-Feldman doctrine, and other potential obstacles. See, e.g., Hart v. Hodges, 587 F.3d 1288, 1295 (11th Cir. 2009); Badillo v. Thorpe, 158 F. App'x 208, 211 (11th Cir. 2005). The Court sees no way under the alleged facts that Plaintiff will be able to state a claim upon which relief can be granted.